Good morning, Your Honors. May it please the Court, Robert Horwitz, appearing on behalf of the appellant, Conrad Grospe. Grospe, thank you for the correction. You're welcome, Your Honor. The case before the Court involves an issue of statutory interpretation concerning the jurisdiction of the tax court under Section 6330 D.1 of the Internal Revenue Code. That section governs the jurisdiction of the courts to hear appeals from the terminations of the IRS Office of Appeals concerning notices of federal tax lien and notices of intent to levy. In the case before the Court, Petitioner Grospe had received two notices of tax lien filing and a right to a hearing concerning income tax and one notice of intent to levy with respect to trust fund penalty assessments that had been made before him. To cut to the chase of this case, basically you're arguing that we need to decide that the tax court has supplemental jurisdiction, right? Yes, Your Honor. Now, the tax court is a court of limited jurisdiction, and even our jurisdiction is limited by Congress. Congress had to pass a specific statute to grant us supplemental jurisdiction. Why do you think that we should infer that Congress intended to grant supplemental jurisdiction in this area absent an explicit provision of the statute? Well, there is an explicit provision in the statute. The plain language of 6330 D.1a states that the taxpayer may appeal the determination to the tax court, and the tax court shall have jurisdiction with respect to such matter. So the court, Congress gave the tax court jurisdiction over all appeals involving determinations under 6330 and 6320. But the logical inference is that that jurisdiction would be limited to items in which the tax court had primary jurisdiction in the first instance, right? No, Your Honor. There's nothing in Section D.1a that so limits it. And the grant given to the tax court under D.1a is broad. Had Congress wanted to limit the tax court's jurisdiction just to employment, I mean, just to income or estate and gift taxes, such as its deficiency jurisdiction, it could have stated in 6330 D.1a that the tax court shall have jurisdiction with respect to such matter if it relates to taxes under Subtitle A or B or certain excise taxes. How about B? Section B of 6330 D.1b? Sure. Okay. Your Honor, I was going to address that. That states that if the tax court does not have jurisdiction of the underlying tax liability, the taxpayer can appeal to the district court of the United States. Now, the court, Congress used the present tense, the tax court does not have jurisdiction. And this would occur in a situation where there was either a jeopardy assessment and the taxpayer petitioned the tax court on the jeopardy assessment and there were collection proceedings ongoing, or in a situation where a taxpayer had filed an income tax return showing a balance due, collection proceedings began, and then the IRS issued a notice of deficiency that additional tax was due, and the taxpayer filed a tax court petition regarding the income tax deficiency notice. In those two cases, the tax court would have currently jurisdiction of the underlying tax, and then the district court could not have jurisdiction of a CDP determination, a collection due process determination. You know, most taxpayers come here and they're screaming they want to get into district court, they want nothing to do with the tax court. Why do you want to pursue your claims? I guess as a global matter of interest, why do you want to cut out the district court and force these claims into the tax court? Well, one reason, Your Honor, is that in this case, the entire matter was heard, all three collection due process determinations were heard in one hearing. Although there were three separate letters, they all basically said the same thing as to why the IRS's action was being upheld, and basically, it makes sense to go to one court since the appeal officer heard all three cases, all three appeals at the same time, considered the same matters, and what would happen if, and the way the courts have prepped the tax court and many of the district courts have interpreted it, the tax court, let's say, has jurisdiction to abate interest under, I believe, 6401 of the Internal Revenue Code. So if there's an employment tax case which the tax court holds it doesn't have jurisdiction in, it would be before the district court, but if one of the issues raised in the appeals officer hearing was that interest should be abated for X, Y, and Z reason, the district court would say, I have a jurisdiction over the employment tax issue, but I have to dismiss the case as to the abatement of interest, you have to go to tax court, and then the district court couldn't consider, in effect, neither court could consider the entire record before the appeals officer. So given the fact that there's basically one hearing and one determination where you have a situation where you have numerous taxes like income and employment taxes or income and various penalties heard at the same time by the same appeals officer, it doesn't make sense to have it go one court to hear, the tax court to hear the issue of income tax, the district court to hear whether the ruling was erroneous where it relates to a penalty, or the district court to hear where you have a notice that lists both employment taxes and income taxes, and the tax court, I mean, let us say you have a situation where the tax court comes in and says, and there is a notice for income tax and employment taxes, the taxpayer, it's a self-assessed return, the taxpayer comes in and says, my return was an error, there was never any ruling on my case, this wasn't a deficiency case, I overstated my tax due, and I want to full pay the amount of the employment tax liability over time and abate the income tax. Well, you could then have a ruling where the IRS appeals officer says, we're not going to abate the income tax, since you're not paying enough to pay part of the employment taxes, I'm going to deny the appeal, and then the taxpayer would be forced to go to district court on the employment tax, tax court on the income tax, the district court could affirm the... No, that's fine, that's fine, most of the taxpayers like it, they would get the second bite of the apple in district court on some of these things. But it only makes... But, I haven't completed, Your Honor, basically, the district court would be looking solely at whether or not the employment tax issue was decided properly, well, I can't determine whether or not the income tax issue was decided, but there was an income tax outside there, and the taxpayer could have paid more than the amount of the employment tax, therefore I affirm it, and then the tax court comes down with the decision, subsequently saying, we reviewed the record, and we've determined that, in fact, the taxpayer is correct as to his income tax, he doesn't know it, by which time the district court's decision is final and the IRS is out there levying his wages and trying to take enforced collection action. And so, the only way it makes sense is, just like there is one appeals officer hearing, is that if there is, you know, is that the tax court can hear all the matters that were in the appeals officer hearing. I understand your practical concerns, but at the end of the day, we're faced with what Congress did, right? That's... Yes. And the interpretation as given by the government in its brief and by the tax court in its decisions is basically that the Congress intended it to only have jurisdiction over matters over which would have deficiency jurisdiction. But that's not the language of the statute. The language of the statute is very clear. The tax court shall have jurisdiction with respect to such matter, and it doesn't limit it as to a certain type of tax. And then, the section B, which says that the tax court does not have jurisdiction, if the tax court does not have jurisdiction of the underlying tax liability, the tax court could only have jurisdiction of an underlying tax liability in the presence tense if there is a petition before it, which, as I said, could happen in a jeopardy assessment matter or in a situation where a taxpayer gets a notice of deficiency while he still owes taxes on an income tax return he filed. Or you could have a reading where this refers to, as the dissenting opinion in Johnson, the district court would have concurrent jurisdiction over employment taxes with the tax court, but the tax court's grant of jurisdiction is broad and it includes all determinations under 6330. And we submit that that is, that the tax court therefore had jurisdiction in this case and erred in dismissing the petition as it related to the trust fund recovery penalties. You have 26 seconds left. Do you want to save some, save it for a bottle? I'll save it for a bottle, Your Honor. Thank you. Any comment? Ms. Rohn? Good morning, Your Honors. Bridget Rohn from the Department of Justice for the Commissioners at the League. May it please the Court, the bifurcated system that's established by 6330d1a and b is admittedly inefficient and as illustrated by this very case where the notice of levy for the trust fund penalties, which is at issue in this case, was issued in 1999 and because of these various jurisdictional disputes, Dr. Geraspe has effectively achieved a stay of collection which is authorized by the statute, in fact mandated by the statute, for over six years. So the matter is, we agree, the statute, it would be much better if all the matters could be addressed in one forum and, in fact, the administration has supported the various legislative proposals for doing precisely that and putting all appeals from the CDP determinations into the tax court. But the statute... It's usually the taxpayer, usually the taxpayers don't take that position, but they're supporting your initiative in this case. Yes. Often taxpayers do like to get into the district court, Your Honor, and I think you'll see that in a number of the district court cases, I think Steigall, which was summarily affirmed by this Court, and McCandless, which are from this jurisdiction. Of course, in the tax court, a lot of times, they didn't have to pay the income tax up front either. That's correct, Your Honor. So they, I think some people like the tax court because they don't have to pay the money up front. That's true. And there were, and of course, you have the reverse situation in the tax court cases. You have the case of Moore, for example, where the taxpayer was bringing a 6672 CDP matter before the tax court, and the tax court said, we don't have jurisdiction under subsection A. We have plenary jurisdiction over the CDP determinations, except where we don't have various excise taxes. We don't have jurisdiction over penalties. We don't have jurisdiction over 6672. And I, again, I guess I'd like to emphasize what we've emphasized in our brief, the concurrence of Judge Vasquez of the tax court in the Johnson case. I think his is probably the most thoughtful interpretation and exegesis of the statute and its various permutations. And he discusses the limited jurisdiction of the tax court and the fact that, you know, the taxpayer's argument is essentially that the tax court has plenary jurisdiction over the CDP matters, appeals, which really doesn't jibe with the fact that the tax court is a court of limited jurisdiction. It's an order. So basically, even though the taxpayer in this case is asking us by judicial fiat to accomplish what the administration would like to accomplish by statute, you're compelled to say the statute doesn't read that way. Well, that's unfortunately, yes, Your Honor. We would have liked it if the tax court could have resolved matters back in 2002. But the tax court was correct in finding that it had no jurisdiction. And I think every court that has addressed the language of this statute has held the way the tax court has held in this case. I can't – I don't believe we found a single exception to that. And the taxpayer has not pointed to a single exception. He points to the dissent of Judge Begge in the Johnson case. And I appreciate the judge's – in the dissent, the judge was expressing his frustration with the delays that are caused by this mifurcated system. And I appreciate that concern, and that is a concern in this case as well. But the tax court was following the law. Unless there are any further questions. No, I think the bottom line is we don't write the statute. We can't rewrite it. Thank you, Your Honor. Thank you very much. Do you want to use any part – I think we have your argument in hand. I think we understand your interpretation of it. We're just going to have to look at it seriously in this case. Is there anything you want to add quickly? Okay. Thank you very much. Thank you both for your arguments. We'll take a short recess before proceeding with the next case on the count.
judges: Farris, Fernandez, Thomas